

**201939061 - BLACKBOARD SPECIALTY INSURANCE COMPANY (F/K/A HAMILTON SPECIALTY (Court 152)**



| Summary | Appeals | Cost Statements | Transfers | Post Trial Writs | Abstracts | Parties |
|---|---|---|---|---|---|---|
| Court Costs | Judgments/Events | Settings | Services/Notices | Court Registry | Child Support | Images |

↻ Click column headings to sort. Click again to toggle direction.

Print Events 

| Date | Description | Order Signed Date | Post Jdgm | Pages | Volume/Page | Filing Attorney | Person Filing |
|---|---|---|---|---|---|---|---|
| 7/9/2019 | ANSWER ORIGINAL PETITION | | | | | AVERY, CHRISTOPHER HAMPTON | BLACKBOARD SPECIALTY INSURANCE COMPANY (F/K/A HAMILTON SPECIALTY |
| 7/9/2019 | ANSWER ORIGINAL PETITION | | | | | AVERY, CHRISTOPHER HAMPTON | GUSHIN, EUGENE GIL (SR) |
| 6/6/2019 | JURY FEE PAID (TRCP 216) | | | | | | |
| 6/6/2019 | ORIGINAL PETITION | | | | | WILSON, CHAD TROY | GREATLAND INVESTMENT INC |
| 6/6/2019 | ORIGINAL PETITION | | | | | WILSON, CHAD TROY | GREATLAND CENTER (D/B/A GREATLAND INVESTMENT INC) |

**EXHIBIT B**

 **201939061 - GREATLAND CENTER (D/B/A GREATLAND INVESTMENT INC) VS. BLACKBOARD SPECIALTY INSURANCE COMPANY (F/K/A HAMILTON SPECIALTY (Court 152)**

Chronological History   Print All 

*(non-financial)*

| Summary | Appeals | Cost Statements | Transfers | Post Trial Writs | Abstracts | Parties |
|---|---|---|---|---|---|---|
| Court Costs | Judgments/Events | Settings | Services/Notices | Court Registry | Child Support | Images |

\* **Note: Only non-confidential public civil/criminal documents are available to the Public. All non-confidential Civil documents are imaged. In Criminal Cases, select non-confidential documents are available in electronic format (not every document is available for electronic viewing and a document may be filed in the case that is not viewable electronically).** If the case or Civil document you are looking for is not available and should be, please click here to notify Customer Service.

**Purchase Order**  **( 0 documents )**

**Print List**

| Image No. | Type | Title | [Reset Sort] | Post Jdgm | Date | Pages | Add Entire Case |
|---|---|---|---|---|---|---|---|
| 86077855 | Filing | Defendant's Original Answer And General Denial | | | 07/09/2019 | 6 | Add to Basket |
| 86077880 | Filing | Defendant's Original Answer And General Denial | | | 07/09/2019 | 6 | Add to Basket |
| 85844380 | Filing | Citation | | | 06/21/2019 | 1 | Add to Basket |
| 85921115 | Filing | Domestic Return Receipt | | | 06/20/2019 | 2 | Add to Basket |
| 85757023 | Filing | Certified Mail Receipt | | | 06/12/2019 | 1 | Add to Basket |
| 85705690 | Filing | Civil Process Pick-Up Form | | | 06/11/2019 | 1 | Add to Basket |
| 85727635 | Filing | Certified Mail Tracking # 7018 1830 0001 4423 3355 | | | 06/11/2019 | 2 | Add to Basket |
| 85607516 | Filing | Plaintiff's Original Petition Jury Demand and Request for Disclosure | | | 06/06/2019 | 18 | Add to Basket |
| -> 85607519 | Filing | Civil Case Information Sheet | | | 06/06/2019 | 1 | Add to Basket |
| -> 85607518 | Filing | Civil Process Request Form | | | 06/06/2019 | 2 | Add to Basket |
| -> 85607517 | Filing | Filing Letter | | | 06/06/2019 | 2 | Add to Basket |

**EXHIBIT B**

Unofficial Copy Office of Marilyn Burgess

**SENDER:** *COMPLETE THIS SECTION*

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

BLACKBOARD SPECIALTY INSURANCE
COMPANY (FKA HAMILTON SPECIALTY
INSURANCE COMPANY) (C/O THE
DEPARTMENT OF INSURANCE)
333 GUADALUPE STREET
AUSTIN, TEXAS 78701

2019-39061   152nd CRT

9590 9402 4604 8323 5838 93

7018 1830 0001 4423 3355

*COMPLETE THIS SECTION ON DELIVERY*

A. Signature

X

☐ Agent
☐ Addressee

B. Received by (Printed Name)      C. Date of Delivery

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:        ☐ No

**RECEIVED**

**JUN 14 2019**

TEXAS DEPT.
INS. MAIL

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☑ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

**EXHIBIT**

PS Form 3811, July 2015 PSN 7530-02-000-9053                    Domestic Return Receipt



USPS TRACKING #

9590 9402 4604 8323 5838 93

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

United States
Postal Service

MARILYN BURGESS
DISTRICT CLERK
HARRIS COUNTY, TEXAS

2019 JUN 20 AM 11:58
06-20-19

BY _____
MAIL PROCESSING ADMIN

• Sender: Please print your name, address, and ZIP+4® in this box•

**MARILYN BURGESS**
**HARRIS COUNTY DISTRICT CLERK**
**P.O. BOX 4651**
**HOUSTON, TEXAS 77210-4651**

2019-39061        152nd CRT

EXHIBIT B

6/21/2019 12:29 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 34575360
By: KATINA WILLIAMS
Filed: 6/21/2019 12:29 PM

CAUSE NO. 201939061

RECEIPT NO. _____ 0.00 CIV
*********
TR # 73633619

| | |
|---|---|
| PLAINTIFF: GREATLAND CENTER (D/B/A GREATLAND INVESTMENT INC) vs. DEFENDANT: BLACKBOARD SPECIALTY INSURANCE COMPANY (F/K/A HAMILTON SPECIALTY | In The 152nd Judicial District Court of Harris County, Texas 152ND DISTRICT COURT Houston, TX |

CITATION

THE STATE OF TEXAS
County of Harris

TO: GUSHIN, EUGENE GIL (SR)
    9311 WANDSWORTH DR SPRING TX 77379
    Attached is a copy of PLAINTIFF'S ORIGINAL PETITION JURY DEMAND AND REQUEST FOR DISCLOSURE

This instrument was filed on the 6th day of June, 2019, in the above cited cause number and court. The instrument attached describes the claim against you.

YOU HAVE BEEN SUED, You may employ an attorney. If you or your attorney do not file a written answer with the District Clerk who issued this citation by 10:00 a.m on the Monday next following the expiration of 20 days after you were served this citation and petition, a default judgment may be taken against you.

TO OFFICER SERVING:

This citation was issued on 11th day of June, 2019, under my hand and seal of said Court.

Issued at request of:
WILSON, CHAD TROY
455 EAST MEDICAL CENTER BLVD
SUITE 555
WEBSTER, TX 77598
Tel: (832) 415-1432
Bar No.: 24079587

MARILYN BURGESS, District Clerk
Harris County, Texas
201 Caroline, Houston, Texas 77002
(P.O. Box 4651, Houston, Texas 77210)

Generated By: PEREZ, ANITA IOJ//11248353

OFFICER/AUTHORIZED PERSON RETURN

Came to hand at 1:20 o'clock P.M. on the 12th day of JUNE, 2019.
Executed at (address) 5444 WestHeimer Road 10th Floor Lobby Houston Tx 77056 in
HARRIS County at 11:35 o'clock A.M., on the 18th day of JUNE,
2019, by delivering to EUGENE GIL GUSHIN (SR) defendant, in person, a
true copy of this Citation together with the accompanying 1 copy(ies) of the Petition
attached thereto and I endorsed on said copy of the Citation the date of delivery.
To certify which I affix my hand officially this 18 day of JUNE, 2019.

FEE: $ _____

                                    PAMELA R HALL
                                    of FORT BEND County, Texas

PCR2853 Exp. 08/31/2020        By _____
Affiant                              Deputy

On this day, Pamela Hall, known to me to be the person whose
signature appears on the foregoing return, personally appeared. After being by me duly sworn,
he/she stated that this citation was executed by him/her in the exact manner recited on the
return.

SWORN TO AND SUBSCRIBED BEFORE ME, on this 21st day of June, 2019.

                                    Heather Bork
                                    Notary Public

HEATHER L. BORK
Notary Public, State of Texas
Comm. Expires 03-14-2021
Notary ID 129357186

N.INT.CITR.P                                          *73633619*

**EXHIBIT B**

6/6/2019 1:43 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 34165588
By: Nelson Cuero
Filed: 6/6/2019 1:43 PM

CAUSE NO. _____

| | | |
|---|---|---|
| GREATLAND CENTER DBA | § | IN THE JUDICIAL COURT OF |
| GREATLAND INVESTMENT, INC., | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | HARRIS COUNTY, TEXAS |
| V. | § | |
| | § | |
| BLACKBOARD SPECIALTY INSURANCE | § | |
| COMPANY (F/K/A HAMILTON | § | |
| SPECIALTY INSURANCE COMPANY) | § | _____ DISTRICT COURT |
| AND EUGENE GIL GUSHIN, SR., | | |
| | | |
| *Defendants.* | | |

---

### PLAINTIFF'S ORIGINAL PETITION, JURY DEMAND, AND REQUEST FOR DISCLOSURE

---

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Greatland Center DBA Greatland Investment, Inc., ("Plaintiff"), and files **Plaintiff's Original Petition, Jury Demand, and Request for Disclosure**, complaining of Blackboard Specialty Insurance Company (f/k/a Hamilton Specialty Insurance Company) ("Blackboard") and Eugene Gil Gushin, Sr. ("Gushin") (or collectively "Defendants") and for cause of action, Plaintiff respectfully shows the following:

### DISCOVERY CONTROL PLAN

1.  Plaintiff intends to conduct discovery under Level 3, Texas Rules of Civil Procedure 190.4 and 169.

### PARTIES

2.  Plaintiff, Greatland Center DBA Greatland Investment, Inc., resides in Harris County, Texas.

3.  Defendant, Blackboard Specialty Insurance Company (f/k/a Hamilton Specialty Insurance

**EXHIBIT B**

Company), is a Delaware insurance company engaged in the business of insurance in the State of Texas. Blackboard Specialty Insurance Company f/k/a Hamilton Specialty Insurance Company's mailing address on the Texas Department of Insurance is 120 Broadway, Floor 17, New York, New York 10271-1797 and may be served through the **Department of Insurance, 333 Guadalupe Street, Austin, Texas 78701**, as its agent for service as required by the Texas Insurance Code Section 801.103(c), where a foreign insurer failed to appoint or maintain a Texas agent for service of process.  Plaintiff requests service at this time.

4.      Defendant Eugene Gil Gushin, Sr. is an individual resident of Spring, Texas. Gushin may be served with citation at the address listed with the Texas Department of Insurance: **9311 Wandsworth, Spring, Texas 77379**.  Plaintiff requests service at this time.

## JURISDICTION

5.      The Court has jurisdiction over Blackboard because this Defendant engages in the business of insurance in the State of Texas, and the causes of action arise out of Blackboard's business activities in the state, including those in Harris County, Texas, with reference to this specific case.

6.      The Court has jurisdiction over Eugene Gil Gushin, Sr. because this Defendant engages in the business of adjusting insurance claims in the State of Texas, and the causes of action arise out of this Defendant's business activities in the State of Texas, including those in Harris County, Texas, with reference to this specific case.

## VENUE

7.      Venue is proper in Harris County, Texas because the insured property is located in Harris County, Texas, and all or a substantial part of the events giving rise to this lawsuit occurred

**EXHIBIT B**

in Harris County, Texas.  TEX. CIV. PRAC. & REM. CODE § 15.032.

## FACTS

8.    Plaintiff asserts claims for breach of contract, violations of sections 541 and 542 of the Texas Insurance Code, common law bad faith, and violations of the Texas DTPA.

9.    Plaintiff owns a Hamilton Specialty Insurance commercial insurance policy, number WKHSPR-00689-01 ("the Policy").  Based on information and belief, Plaintiff understands that Hamilton Specialty Insurance Company is now Blackboard Specialty Insurance Company.  For purposes of this petition the insurer throughout shall be referred to as Blackboard.  At all relevant times, Plaintiff owned the insured premises located at 9510 Beechnut Houston, Texas 77036 ("the Property").

10.    Blackboard or its agent sold the Policy, insuring the Property, to Plaintiff.  Blackboard or its agent represented to Plaintiff that the Policy included wind and hailstorm coverage for damage to Plaintiff's Property.  Blackboard has refused the full extent of that coverage currently owed to Plaintiff.

11.    On or about August 31, 2017, the Property sustained extensive damage resulting from a severe storm that passed through the Houston/ Harris County, Texas area.

12.    In the aftermath of the wind and hailstorm, Plaintiff submitted a claim to Blackboard against the Policy for damage to the Property.  Blackboard assigned claim number HUSA-0287A9 to Plaintiff's claim.

13.    Plaintiff asked Blackboard to cover the cost of damage to the Property pursuant to the Policy.

14.    Blackboard hired or assigned its agent, Gushin to inspect and adjust the claim. Gushin conducted an inspection on or about April 3, 2018.  Gushin's findings stated in his denial

**EXHIBIT B**

letter were "there was no wind damage to roofing, no water leaks noted.  Roof needs to be resealed soon.  Evidence of prior hail damage to fins but no damage to roofing."  Plaintiff was left without adequate funds to make repairs on the entirety of their claim and disputed Gushin's findings.  Gushin, through York Field Services, engaged the services of EFI Global to assess the Property.  His scope was to determine f the roofs of the two buildings on the Property were damaged as a result of Hurricane Harvey.

15. Blackboard and Gushin, conducted a substandard and improper inspection of the Property, which grossly undervalued the cost of repairs in its estimate and yielded an unrealistic amount to underpay coverage.

16.  Blackboard and Gushin have ultimately refused full coverage which includes, but is not limited to, replacement of the roof and additional interior damage. The third-party inspector hired to review the damage to the Property found damage to both the modified bitumen and metal roofing system. In addition, the third-party inspector found damage to the cap flashings, pipe jack flashing, exhaust cap, and gravity roof ventilator that were completely absent from Gushin's estimate.  The storm extensive and obvious windstorm and hail damage including, but not limited to, the roof, vents, flashings, gables, and HVAC system. The storm compromised the integrity of the roof allowing water to enter, causing water damage to the areas of the interior. The damage to Plaintiff's Property is currently estimated at $376,285.85.

17. Gushin had a vested interest in undervaluing the claims assigned to him by Blackboard in order to maintain his employment. The disparity in the number of damaged items in his report compared to that of the third-party inspector's as well as the difference in valuation is evidence of on the part of Gushin.

**EXHIBIT B**

18.    Furthermore, Gushin was aware of Plaintiff's $25,000.00 policy deductible prior to inspecting the Property. Gushin had advanced knowledge of the damages he needed to document in order to be able to deny the claim.

19.    Gushin misrepresented the actual amount of damage Plaintiff's Property sustained in addition to how much it would cost to repair the damage. Gushin made these misrepresentations as a licensed Texas adjuster with the hope that Plaintiff would rely on his expertise and accept the bad faith estimate as a true representation of the damages.

20.    After reviewing Plaintiff's Policy, Gushin misrepresented that the damage was caused by non-covered perils. Gushin used his expertise to fabricate plausible explanations for why visible damage to Plaintiff's Property would not be covered under the policy.

21.    As stated above, Blackboard and Gushin improperly and unreasonably adjusted Plaintiff's claim. Without limitation, Blackboard and Gushin misrepresented the cause of, scope of, and cost to repair damages to Plaintiff's Property, as well as the amount of insurance coverage for Plaintiff's claim or loss under the Policy.

22.    Blackboard and Gushin made these and other false representations to Plaintiff, either knowingly or recklessly, as a positive assertion, without knowledge of the truth. Blackboard and Gushin made these false representations with the intent that Plaintiff act in accordance with the misrepresentations regarding the grossly deficient damage and repair estimates prepared by Gushin.

23.    Plaintiff relied on Blackboard and Gushin's misrepresentations, including but not limited to those regarding coverage, the cause of, scope of, and cost to repair the damage to Plaintiff's Property. Plaintiff's damages are the result of Plaintiff's reliance on these misrepresentations. Upon receipt of the inspection and estimate reports from Gushin,

**EXHIBIT B**

Blackboard failed to assess the claim thoroughly.  Based upon Gushin's grossly unreasonable, intentional, and reckless failure to investigate the claim properly prior to underpaying coverage, Blackboard failed to provide coverage due under the Policy, and Plaintiff suffered damages.

24. Because Blackboard and Gushin failed to provide coverage for Plaintiff's insurance claim, Plaintiff has been unable to complete any substantive repairs to the Property.  This has caused additional damage to Plaintiff's Property.

25. Furthermore, Blackboard and Gushin failed to perform their contractual duties to Plaintiff under the terms of the Policy.  Specifically, Gushin performed an unreasonable and substandard inspection that allowed Blackboard to refuse to pay full proceeds due under the Policy, although due demand was made for an amount sufficient to cover the damaged Property, and all conditions precedent to recover upon the Policy were carried out by Plaintiff.

26. Blackboard and Gushin's misrepresentations, unreasonable delays, and continued denials constitute a breach of the statutory obligations under Chapters 541 and 542 of the Texas Insurance Code.  Thus, the breach of the statutory duties constitutes the foundation of a breach of the insurance contract between Defendant and Plaintiff.

27. Blackboard and Gushin's conduct constitute a violation of the Texas Insurance Code, Unfair Settlement Practices.  TEX. INS. CODE §541.060(a) (1).  Blackboard and Gushin have failed to settle Plaintiff's claim in a fair manner, although they were aware of their liability to Plaintiff under the Policy. Specifically, Blackboard and Gushin have failed to, in an honest and fair manner, balance their own interests in maximizing gains and limiting disbursements, with the interests of Plaintiff by failing to timely pay Plaintiff coverage due

**EXHIBIT B**

under the Policy.

28. Blackboard and Gushin's conduct constitute a violation of the Texas Insurance Code, Unfair Settlement Practices.  TEX. INS. CODE §541.060(a) (2) (A).  Blackboard and Gushin failed to provide Plaintiff a reasonable explanation for underpayment of the claim.

29. Additionally, after Blackboard received statutory demand on or about March 27, 2018, Blackboard has not communicated that any future settlements or payments would be forthcoming to pay for the entire loss covered under the Policy, nor did it provide any explanation for failing to settle Plaintiff's claim properly.

30. Blackboard and Gushin's conduct constitute a violation of the Texas Insurance Code, Unfair Settlement Practices.  TEX. INS. CODE §541.060(a) (4).  Gushin performed a biased and intentionally substandard inspection designed to allow Blackboard to refuse to provide full coverage to Plaintiff under the Policy.

31. Specifically, Blackboard and Gushin's performed an outcome-oriented investigation of Plaintiff's claims, which resulted in a biased, unfair, and inequitable evaluation of Plaintiff's losses on the Property.

32. Blackboard's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims.  TEX. INS. CODE §542.055.  Due to {{case|72154}}'s subpar inspection, Blackboard failed to reasonably accept or deny Plaintiff's full and entire claim within the statutorily mandated time after receiving all necessary information.

33. Blackboard's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims.  TEX. INS. CODE §542.056.  Due to {{case|72154}}'s intentional undervaluation of Plaintiff's claims, Blackboard failed to meet its obligations under the Texas Insurance Code regarding timely payment of the claim.  Specifically, Gushin's

**EXHIBIT B**

understatement of the damage to the Property caused Blackboard to delay full payment of Plaintiff's claim longer than allowed, and Plaintiff has not received rightful payment for Plaintiff's claim.

34. Blackboard and Gushin's wrongful acts and omissions have forced Plaintiff to retain the professional services of the attorneys and law firm representing him with respect to these causes of action.

**CAUSES OF ACTION AGAINST DEFENDANT BLACKBOARD SPECIALTY INSURANCE COMPANY F/K/A HAMILTON SPECIALTY INSURANCE COMPANY**

35. All paragraphs from the fact section of this petition are hereby incorporated into this section.

**BREACH OF CONTRACT**

36. Blackboard is liable to Plaintiff for intentional violations of the Texas Insurance Code, and intentional breach of the common-law duty of good faith and fair dealing.  It follows, then, that the breach of the statutory duties constitutes the foundation of an intentional breach of the insurance contract between Blackboard and Plaintiff.

37. Blackboard's failure and/or refusal to pay adequate coverage as obligated under the terms of the Policy, and under the laws of the State of Texas, constitutes a breach of the insurance contract with Plaintiff.

**NONCOMPLIANCE WITH THE TEXAS INSURANCE CODE:**

**UNFAIR SETTLEMENT PRACTICES**

38. Blackboard's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices.  TEX. INS. CODE §541.060(a).  All violations under this article are actionable by TEX. INS. CODE §541.151.

**EXHIBIT B**

39.     Blackboard's unfair settlement practice of misrepresenting to Plaintiff material facts relating to coverage constitutes an unfair method of competition and a deceptive act or practice in the business of insurance.  TEX. INS. CODE §541.060(a)(1).

40.     Blackboard's unfair settlement practice of failing to attempt in good faith to make a prompt, fair, and equitable settlement of the claim, even though liability under the Policy was reasonably clear, constitutes an unfair method of competition and a deceptive act or practice in the business of insurance.  TEX. INS. CODE §541.060(a)(2)(A).

41.     Blackboard's unfair settlement practice of failing to provide Plaintiff a prompt and reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for partial denial of the claim, constitutes an unfair method of competition and a deceptive act or practice in the business of insurance.  TEX. INS. CODE §541.060(a)(3).

42.     Blackboard's unfair settlement practice of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiff constitutes an unfair method of competition and a deceptive act or practice in the business of insurance.  TEX. INS. CODE §541.060(a)(4).

43.     Blackboard's unfair settlement practice of refusing to pay Plaintiff's claim without conducting a reasonable investigation constitutes an unfair method of competition and a deceptive act or practice in the business of insurance.  TEX. INS. CODE §541.060(a)(7).

## NONCOMPLIANCE WITH THE TEXAS INSURANCE CODE:
## THE PROMPT PAYMENT OF CLAIMS

44.     Blackboard's conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims.  All violations made under this article are actionable by TEX. INS. CODE §542.060.

**EXHIBIT B**

45. Blackboard's failure to notify Plaintiff in writing of its acceptance or rejection of the full claim within the applicable time constraints constitutes a non-prompt payment in violation of TEX. INS. CODE §542.056.

46. Blackboard's delay in paying Plaintiff's claim following receipt of all items, statements, and forms reasonably requested and required, for longer than the amount of time provided, constitutes a non-prompt payment of the claim.  TEX. INS. CODE §542.058.

**BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING**

47. Blackboard's conduct constitutes a breach of the common-law duty of good faith and fair dealing owed to an insured in insurance contracts.

48. Blackboard's failure to adequately and reasonably investigate and evaluate Plaintiff's claim, although, at that time, Blackboard knew or should have known by the exercise of reasonable diligence that liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

**DTPA VIOLATIONS**

49. Blackboard's conduct constitutes multiple violations of the Texas Deceptive Trade Practices Act ("DTPA"), TEX. BUS. & COM. CODE 17.41–63.  Plaintiff is a consumer of goods and services provided by Blackboard pursuant to the DTPA.  Plaintiff has met all conditions precedent to bringing this cause of action against Blackboard.  Specifically, Blackboard's violations of the DTPA include, without limitation, the following matters:

A. By its acts, omissions, failures, and conduct, Blackboard has violated sections 17.46(b)(2), (5), (7), (9), (12), (20) and (24) of the DTPA.  Blackboard's violations include without limitation, (1) unreasonable delays in the investigation, adjustment, and resolution of Plaintiff's claim, (2) failure to give Plaintiff the benefit of the

**EXHIBIT B**

doubt, and (3) failure to pay for the proper repair of Plaintiff's property when liability has become reasonably clear, which gives Plaintiff the right to recover under section 17.46(b)(2).

B.   Blackboard represented to Plaintiff that the Policy and Blackboard's adjusting and investigative services had characteristics or benefits that they did not possess, which gives Plaintiff the right to recover under section 17.46(b)(5) of the DTPA.

C.   Blackboard also represented to Plaintiff that the Policy and Blackboard's adjusting services were of a particular standard, quality, or grade when they were of another, in violation of section 17.46(b)(7) of the DTPA.

D.   Furthermore, Blackboard advertised the Policy and adjusting services with the intent not to sell them as advertised in violation of section 17.46(b)(9) of the DTPA.

E.   Blackboard breached an express warranty that the damages caused by wind and hail would be covered under the Policy.  This breach entitles Plaintiff to recover under sections 17.46(b)(12) and (20) and 17.50(a)(2) of the DTPA.

F.   Blackboard's actions are unconscionable in that Blackboard took advantage of Plaintiff's lack of knowledge, ability, and experience to a grossly unfair degree. Blackboard's unconscionable conduct gives Plaintiff a right to relief under section 17.50(a)(3) of the DTPA; and

G.   Blackboard's conduct, acts, omissions, and failures, as described in this petition, are unfair practices in the business of insurance in violation of section 17.50(a)(4) of the DTPA.

**EXHIBIT B**

50.     Each of the above-described acts, omissions, and failures of Blackboard is a producing cause of Plaintiff's damages.  All of the above-described acts, omissions, and failures were committed "knowingly" and "intentionally," as defined by the Texas Deceptive Trade Practices Act.

### CAUSES OF ACTION AGAINST DEFENDANT EUGENE GIL GUSHIN, SR.

### NONCOMPLIANCE WITH THE TEXAS INSURANCE CODE: UNFAIR SETTLEMENT PRACTICES

51.     All allegations above are incorporated herein.

52.     Gushin's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Claim Settlement Practices Act.  TEX. INS. CODE §541.060(a).

53.     Gushin is individually liable for his unfair and deceptive acts, irrespective of the fact that he was acting on behalf of Blackboard, because Gushin is a "person," as defined by TEX. INS. CODE §541.002(2).

54.     Gushin knowingly underestimated the amount of damage to the Property.  As such, Blackboard failed to adopt and implement reasonable standards for the investigation of the claim arising under the Policy.  TEX. INS. CODE §542.003(3).

55.     Furthermore, Gushin did not attempt in good faith to affect a fair, prompt, and equitable settlement of the claim.  TEX. INS. CODE §542.003(4).

56.     Gushin's unfair settlement practice of failing to provide Plaintiff a prompt and reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for partial denial of the claim, also constitutes an unfair method of competition and an unfair and deceptive act or practice.  TEX. INS. CODE §541.060(a)(3).

57.     Gushin's unfair settlement practice of failing to attempt in good faith to make a prompt, fair, and equitable settlement of the claim, even though liability under the Policy was

reasonably clear, constitutes an unfair method of competition and a deceptive act or practice in the business of insurance.  TEX. INS. CODE §541.060(a)(2)(A).

## DTPA VIOLATIONS

58.   All allegations above are incorporated herein.

59.   Gushin's conduct constitutes multiple violations of the Texas Deceptive Trade Practices Act ("DTPA"), TEX. BUS. & COM. CODE 17.41–63.  Plaintiff is a consumer of goods and services provided by Gushin pursuant to the DTPA.  Plaintiff has met all conditions precedent to bringing this cause of action against Gushin. Specifically, 's violations of the DTPA include the following matters:

A.   By this Defendant's acts, omissions, failures, and conduct, Gushin has violated sections 17.46(b)(2), (5), and (7) of the DTPA.  Gushin's violations include, (1) failure to give Plaintiff the benefit of the doubt, and (2) failure to write up an estimate reflecting the proper repair of Plaintiff's Property when liability has become reasonably clear, which gives Plaintiff the right to recover under section 17.46(b)(2).

B.   Gushin represented to Plaintiff that the Policy and his adjusting and investigative services had characteristics or benefits they did not possess, which gives Plaintiff the right to recover under section 17.46(b)(5) of the DTPA.

C.   represented to Plaintiff that the Policy and his adjusting services were of a particular standard, quality, or grade when they were of another, in violation of section 17.46(b)(7) of the DTPA.

D.   Gushin's actions are unconscionable in that Gushin took advantage of Plaintiff's lack of knowledge, ability, and experience to a grossly unfair degree. Gushin's

**EXHIBIT B**

unconscionable conduct gives Plaintiff a right to relief under section 17.50(a)(3) of the DTPA; and

E.      Gushin's conduct, acts, omissions, and failures, as described in this petition, are unfair practices in the business of insurance in violation of section 17.50(a)(4) of the DTPA.

60.    Each of Gushin's above-described acts, omissions, and failures is a producing cause of Plaintiff's damages.  All acts, omissions, and failures were committed "knowingly" and "intentionally" by Gushin, as defined by the Texas Deceptive Trade Practices Act.  TEX. BUS. & COM. CODE 17.45.

**KNOWLEDGE**

61.    Defendants made each of the acts described above, together and singularly, "knowingly," as defined in the Texas Insurance Code, and each was a producing cause of Plaintiff's damages described herein.

**WAIVER AND ESTOPPEL**

62.    Defendants waived and are estopped from asserting any coverage defenses, conditions, exclusions, or exceptions to coverage not contained in any reservation of rights letter to Plaintiff.

**DAMAGES**

63.    The damages caused to the Property have not been properly addressed or repaired since the claim was made, causing further damage to the Property, and undue hardship and burden to Plaintiff.  These damages are a direct result of Defendants' mishandling of Plaintiff's claims in violation of the laws set forth above.

**EXHIBIT B**

64.    Plaintiff currently estimates that actual damages to the Property under the Policy are $376,285.85.

65.    Plaintiff would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained.  The above described acts, omissions, failures, and conduct of Defendants have caused Plaintiff's damages, which include, without limitation, the cost to properly repair Plaintiff's Property and any investigative and engineering fees incurred.

66.    For breach of contract, Plaintiff is entitled to regain the benefit of his bargain, which is the amount of his claims, consequential damages, together with attorney's fees.

67.    For noncompliance with the DTPA and Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include the loss of benefits owed pursuant to the Policy, mental anguish, court costs, and attorney's fees.  For knowing and intentional conduct of the acts described above, Plaintiff asks for three (3) times his actual damages. TEX. INS. CODE §541.152 and TEX. BUS. & COM. CODE 17.50(b) (1).

68.    For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the amount of his claims, plus an eighteen percent (10%) per annum penalty on those claims, as damages, as well as pre-judgment interest and reasonable attorney's fees. TEX. INS. CODE §542.060.

69.    For breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from Defendants' breach of duty, such as additional costs, economic hardship, losses due to the nonpayment of the amounts owed, exemplary damages, and damages for emotional distress.

**EXHIBIT B**

70. Defendants' breach of the common law duty of good faith and fair dealing was committed intentionally, with a conscious indifference to Plaintiff's rights and welfare, and with "malice," as that term is defined in Chapter 41 of the Texas Civil Practices and Remedies Code. These violations are the type of conduct which the State of Texas protects its citizens against by the imposition of exemplary damages. Therefore, Plaintiff seeks the recovery of exemplary damages in an amount determined by the finder of fact sufficient to punish Defendants for their wrongful conduct, and to set an example to deter Defendants and others from committing similar acts in the future.

71. For the prosecution and collection of this claim, Plaintiff has been compelled to engage the services of the attorneys subscribed to this pleading. Therefore, under Chapter 38 of the Texas Civil Practices and Remedies Code, sections 541 and 542 of the Texas Insurance Code, and section 17.50 of the DTPA, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorneys in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

72. As required by Rule 47(b) of the Texas Rules of Civil Procedure, Plaintiff's counsel states that the damages sought are in an amount within the jurisdictional limits of this Court. As required by Rule 47(c)(4) of the Texas Rules of Civil Procedure, Plaintiff's counsel states that Plaintiff seeks only monetary relief of no less than $1,000,000.00, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees. A jury will ultimately determine the monetary relief actually awarded, however. Plaintiff also seeks pre-judgment and post-judgment interest at the highest legal rate.

**EXHIBIT B**

## REQUESTS FOR DISCLOSURE

73.     Under Texas Rules of Civil Procedure 190 and 194, Plaintiff requests that Defendants disclose, within fifty (50) days from the date this request is served, the information or material described in Rules 190.2(b)(6) and 194.2.

## JURY DEMAND

74.     Plaintiff hereby requests a jury trial for all causes of action alleged herein, tried before a jury consisting of citizens residing in Harris County, Texas.  Plaintiff hereby tenders the appropriate jury fee.

## PRAYER

Plaintiff, Greatland Center dba Greatland Investment, Inc. prays that Defendants, Blackboard Specialty Insurance Company f/k/a Hamilton Specialty Insurance Company and Eugene Gil Gushin, Sr., be cited and served to appear, and that upon trial hereof, Plaintiff, Greatland Center dba Greatland Investment, Inc., has and recovers from Defendants, Blackboard Specialty Insurance Company f/k/a Hamilton Specialty Insurance Company and Eugene Gil Gushin, Sr., such sums as would reasonably and justly compensate Plaintiff in accordance with the rules of law and procedure, as to actual, consequential, and treble damages under the Texas Insurance Code and Texas Deceptive Trade Practices Act, and all punitive, additional, and exemplary damages, as may be found.  In addition, Plaintiff requests the award of attorney's fees for the trial and any appeal of this case, for all costs of Court expended on Plaintiff's behalf, for pre-judgment and post-judgment interest as allowed by law; and for any other and further relief, at law or in equity, to which Plaintiff, Greatland Center d/b/a Greatland Investment, Inc., may show Plaintiff is justly entitled.

**EXHIBIT B**

Respectfully submitted,

CHAD T. WILSON LAW FIRM PLLC

By: /s/ *Chad T. Wilson*
Chad T. Wilson
Bar No. 24079587
Patrick C. McGinnis
Bar No. 13631900
455 E Medical Center Blvd, Ste 555
Webster, Texas 77598
Telephone: (832) 415-1432
Facsimile: (281) 940-2137
eservice@cwilsonlaw.com
cwilson@cwilsonlaw.com
pmcginnis@cwilsonlaw.com

ATTORNEYS FOR PLAINTIFF

**EXHIBIT B**

7/9/2019 10:54 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 34970519
By: KATINA WILLIAMS
Filed: 7/9/2019 10:54 AM

## CAUSE NO. 2019-39061

| | | |
|---|---|---|
| GREATLAND CENTER DBA GREATLAND INVESTMENT, INC. | § § § | IN THE JUDICIAL COURT |
| Plaintiff, | § § | |
| v. | § § § | HARRIS COUNTY, TEXAS |
| BLACKBOARD SPECIALTY INSURANCE COMPANY (F/K/A HAMILTON SPECIALTY INSURANCE COMPANY) AND EUGENE GIL GUSHIN, SR. | § § § § § § § | |
| Defendants. | § | 152nd DISTRICT COURT |

### DEFENDANT'S ORIGINAL ANSWER AND GENERAL DENIAL

TO THE HONORABLE JUDGE OF SAID COURT:

Defendant, Blackboard Specialty Insurance Company formerly known as Hamilton Specialty Insurance Company ("Blackboard"), files this Original Answer to Plaintiff's Original Petition, and would respectfully show the following:

### I.     GENERAL DENIAL

Blackboard asserts a general denial as authorized by Rule 92 of the Texas Rules of Civil Procedure and respectfully requests that Plaintiff Greatland Center d/b/a Greatland Investment, Inc. ("Plaintiff") be required to prove the charges and allegations made against it by a preponderance of the evidence as is required by the Constitution and laws of the State of Texas.

### II.     DISCOVERY PLAN:  LEVEL TWO

Blackboard asserts that Level Two discovery is appropriate in this case.

### III.     SPECIAL EXCEPTIONS

#### FIRST SPECIAL EXCEPTION
#### Breach of Contract

Blackboard specifically excepts to Plaintiff's Original Petition because it only vaguely and generically alleges that it breached its contract of insurance. The vague and indefinite breach

**EXHIBIT B**

of contract claim fails to:  (1) provide fair notice of the elements and facts of the loss allegedly sustained by Plaintiff; (2) provide fair notice of facts showing Plaintiff's alleged loss was covered under the terms of the insurance contract at issue; or (3) provide fair notice of the acts and/or omissions by Blackboard which allegedly could amount to a breach of its contractual obligations, if any, to Plaintiff.

## SECOND SPECIAL EXCEPTION
### Bad Faith Claims

Blackboard specially excepts to Plaintiff's Original Petition because Plaintiff fails to plead all of the elements of its alleged cause of action for breach of the duty of good faith and fair dealing. As a result, Plaintiff should be required to file an amended pleading which sets for the elements and facts and evidence in support of Plaintiff's claim for bad faith, as well as all related damages.

## THIRD SPECIAL EXCEPTION
### Chapter 541

Blackboard specially excepts to Plaintiff's Original Petition because Plaintiff's Chapter 541 claims are deficient.  The elements of a cause of action under Chapter 541 are:  (1) the plaintiff is a "person" as defined by Texas Insurance Code §541.002; (2) the defendant's acts or practices violated a section of the Insurance Code, §17.46(b) of the Texas Business & Commerce Code, or violated a tie-in provision of the DTPA; and (3) defendant's acts were a producing cause Plaintiff's damages.

Plaintiff generically alleges that Blackboard violated subparts of §541 but fail to allege any specific facts on which such claims are based. As a result, Plaintiff should be required to file an amended pleading setting forth the elements, facts, and evidence in support of its claim for §541 violations, as well as all related damages.

## FOURTH SPECIAL EXCEPTION
### Chapter 542

Blackboard specially excepts to Plaintiff's Original Petition because Plaintiff's Chapter 542 claims are deficient.  Plaintiff generically alleges that Blackboard violated subparts of §542 but fail to allege any specific facts on which such claims are based. As a result, Plaintiff should be required to file an amended pleading setting forth the elements, facts, and evidence in support of its claim for §542 violations, as well as all related damages.

## FIFTH SPECIAL EXCEPTION
### DTPA Violations

Blackboard specially excepts to Plaintiff's Original Petition because its assertions under the Texas Deceptive Trade Practices – Consumer Protection Act ("DTPA") are deficient. Specifically, Plaintiff fails to provide Blackboard with fair notice of the facts and circumstances supporting the alleged DTPA violations in the Petition.  As a result, Plaintiff should be required to file an amended pleading which sets forth facts and evidence in support of Plaintiff's claims and alleged damages.

## IV.    AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE
### Policy Terms and Conditions

Plaintiff's claims are subject to the respective terms and conditions of the Policy, including but not limited to the applicable Policy limit and deductible. Blackboard hereby incorporates the terms of its Policy by reference.

### SECOND AFFIRMATIVE DEFENSE
### Failure to State a Claim

Plaintiff's causes of action are barred, either in whole or in apart, because they fail to state a claim upon which relief can be granted.  Plaintiff fails to describe how Blackboard's alleged breach of the insurance contract would convert Plaintiff's contractual claim into any

**EXHIBIT B**

other causes of action including, but not limited to, breach of the duty of good faith and fair dealing or a violation of the Texas Insurance Code.

### THIRD AFFIRMATIVE DEFENSE
### Concurrent Causation

Plaintiff's recovery is barred by the doctrine of concurrent causation because it cannot segregate between the damages caused by covered and non-covered perils. *JAW The Pointe, LLC v. Lexington Ins. Co.*, 460 S.W.3d 597, 608 (Tex. 2015).

### FOURTH AFFIRMATIVE DEFENSE
### Liability Not "Reasonably Clear"

As to Plaintiff's extra-contractual claims alleging "bad faith", a *bona fide* controversy existed and continues to exist concerning Plaintiff's entitlement, if any, to insurance benefits from Blackboard, and Blackboard possesses the right to value claims differently from those asserting claims under the Policy without facing bad faith liability.

### FIFTH AFFIRMATIVE DEFENSE
### Absence of Coverage Precludes Extra-Contractual Liability

Plaintiff has not suffered any damages that are recoverable under any extra-contractual theory of liability.

### SIXTH AFFIRMATIVE DEFENSE
### Failure to Mitigate/ Contributory Negligence

Plaintiff is barred from any recovery, in whole or in part, due to its failure to mitigate the alleged damages and its own contribution to the alleged damages.  Because of Plaintiff's failure to mitigate damages, it is precluded from recovering any damages that would have been prevented and/or mitigated.

### SEVENTH AFFIRMATIVE DEFENSE
### Waiver and Estoppel

Plaintiff has waived and/or is estopped from asserting the claims against Blackboard in Plaintiff's Original Petition.

**EXHIBIT B**

### EIGHTH AFFIRMATIVE DEFENSE
### Conditions Precedent

Plaintiff's claims are subject to the respective terms and conditions of the Policy, including but not limited to showing a covered loss.

### NINTH AFFIRMATIVE DEFENSE
### Limit of Liability

Plaintiff's damages, if any, are limited by the amount set forth in the policy limitations provisions of the applicable policy, a copy of which has been produced.

### TENTH AFFIRMATIVE DEFENSE
### Offset and/or Credit

Plaintiff's damages, if any, must be offset by the amount of applicable policy deductibles. Further, any award to Plaintiff must be offset by all prior payments tendered to Plaintiff for the claims forming the basis of its claims and by all payments and credits otherwise available.

### ELEVENTH AFFIRMATIVE DEFENSE
### Contractual and Statutory Limitations

Any recovery by Plaintiff is subject to the contractual limitations under the policy and/or the statutory limitations on liabilities and damages contained in Chapter 41 of the Texas Civil Practice and Remedies Code, as well as all other statutory damage caps provided by law.

### TWELFTH AFFIRMATIVE DEFENSE
### Punitive and Exemplary Damages

Blackboard invokes and asserts all applicable limitations upon punitive damages, exemplary damages, and additional damages, including, but not limited to, those contained in the applicable statues under which it is being sued, Texas Civil Practice and Remedies Code Chapter 41, and the United States and Texas Constitutions.  Also, to the extent that additional damages or punitive damages or penalty interest are awarded, more than one of them cannot be awarded for

**EXHIBIT B**

the same conduct and/or based on the same damages as such multiple awards would be multiple punishments for the same actions.

## V.      PRAYER

Blackboard requests that Plaintiff takes nothing by its claims and that Blackboard be granted any and all other relief to which it may show itself justly entitled.

Respectfully submitted,

**THOMPSON, COE, COUSINS & IRONS, L.L.P.**

By: _/s/  Christopher H. Avery_

RICHARD HARMON
Texas State Bar No.  09020700
rharmon@thompsoncoe.com
CHRISTOPHER H. AVERY
Texas State Bar No. 24069321
cavery@thompsoncoe.com
ALEXA GOULD
Texas State Bar No. 24109940
agould@thompsoncoe.com
One Riverway, Suite 1400
Houston, Texas 77056
Telephone:  (713) 403-8210
Facsimile:  (713) 403-8299

***Counsel for Defendant***
***Blackboard Specialty Insurance Company***

### CERTIFICATE OF SERVICE

I hereby certify that on the 9th  day of July, 2019, a true and correct copy of the foregoing was served via e-service, to the following:

Chad T. Wilson
Chad Wilson Law Firm, PLLC
455 East Medical Center Blvd., Suite 555
Webster, Texas 77598
Telephone: (832) 415-1432
Facsimile: (281) 940-2137
cwilson@cwilsonlaw.com
***Counsel for Plaintiff***

_/s/  Christopher H. Avery_
CHRISTOPHER H. AVERY

**EXHIBIT B**

7/9/2019 10:59 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 34970861
By: KATINA WILLIAMS
Filed: 7/9/2019 10:59 AM

## CAUSE NO. 2019-39061

| | | |
|---|---|---|
| GREATLAND CENTER DBA | § | IN THE JUDICIAL COURT |
| GREATLAND INVESTMENT, INC, | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | HARRIS COUNTY, TEXAS |
| | § | |
| | § | |
| BLACKBOARD SPECIALTY | § | |
| INSURANCE COMPANY (F/K/A | § | |
| HAMILTON SPECIALTY INSURANCE | § | |
| COMPANY) AND EUGENE GIL | § | |
| GUSHIN, SR. | § | |
| | § | |
| **Defendants.** | § | **152nd DISTRICT COURT** |

## DEFENDANT'S ORIGINAL ANSWER AND GENERAL DENIAL

TO THE HONORABLE JUDGE OF SAID COURT:

Defendant, Eugene Gil Gushin, Sr. ("Gushin"), files this Original Answer to Plaintiff's Original

Petition, and would respectfully show the following:

### I.   GENERAL DENIAL

Gushin asserts a general denial as authorized by Rule 92 of the Texas Rules of Civil Procedure

and respectfully requests that Plaintiff Greatland Center d/b/a Greatland Investment, Inc., ("Plaintiff")

be required to prove the charges and allegations made against it by a preponderance of the evidence as

is required by the Constitution and laws of the State of Texas.

### II.   DISCOVERY PLAN:  LEVEL TWO

Gushin asserts that Level Two discovery is appropriate in this case.

### III.   SPECIAL EXCEPTIONS

### FIRST SPECIAL EXCEPTION
### Alleged Insurance Code Violations

Gushin specially excepts to the vague and indefinite claims regarding alleged violations of

chapter 541 of the Texas Insurance Code. Plaintiff has failed to give fair notice of the facts and

**EXHIBIT B**

circumstances supporting the alleged violations. Plaintiff should be required to file an amended pleading that sets forth facts to support its claims for alleged violations of chapter 541 of the Texas Insurance Code, as well as damages proximately caused by each alleged violation.

Furthermore, Plaintiff's pleading alleged no conduct on the part of this Defendant which would subject him to liability under the Texas Insurance Code. As such, Plaintiff failed to give fair and adequate notice of the facts and circumstances supporting any allegation of an Insurance Code violation, and Gushin lacks information sufficient to prepare its defense to this cause of action.

### SECOND SPECIAL EXCEPTION
### Alleged Misrepresentation

Gushin specially excepts to Plaintiff's Original Petition for failing to plead sufficient facts to provide fair notice of the claims asserted therein. Plaintiff's pleadings alleged that Gushin violated the Insurance Code by making misrepresentations to Plaintiff without pleading the alleged misrepresentation of any facts to support the general claims asserted. As such, Gushin lacks information sufficient to prepare his defense to this cause of action.

### THIRD SPECIAL EXCEPTION
### Alleged "Knowingly" or "Intentional" Acts or Omissions

Gushin specially excepts to every allegation in Plaintiff's Original Petition wherein Plaintiff generally avers or states that Gushin's alleged improper conduct, as described in Plaintiff's Original Petition, was committed "knowingly" or "intentionally." Plaintiff's claims in these areas fail to provide Gushin with sufficient notice of the factual basis or the alleged acts or omissions of Gushin which support the allegations made. Accordingly, Plaintiff should be required to file amended pleadings to state with particularity the facts supporting its allegations that Gushin's conduct was committed knowingly or intentionally.

**EXHIBIT B**

## FOURTH SPECIAL EXCEPTION
### Vague Allegations

With regard to each of the foregoing special exceptions, Plaintiff's Original Petition fails to provide any statement of the facts which allegedly support these allegations, conclusions, or causes of action sufficient to give Gushin fair and adequate notice of the facts and claims in dispute or involved in the instant matter so as to enable Gushin to prepare a defense. *In re Mem'l Hermann Hosp. Sys.*, 464 S.W.3d 686, 708 (Tex. 2015).

Plaintiff's statements are too vague to impart fair notice of Gushin's alleged actions, omissions, statements, or decisions that constitute the foregoing alleged breaches of contract or duties; misrepresentation; or false, misleading, and/or deceptive acts or practices. Without a more definite statement of Plaintiff's claims and allegations, Gushin does not have fair notice of the claims brought against him so that he may adequately prepare a defense to these claims.

## FIFTH SPECIAL EXCEPTION
### Plausibility

There mere restatement of prohibitions or recitation of citations to statutory provisions of the Texas Insurance Code is too vague to impart fair notice of the acts, omissions, and/or practices purportedly engaged in by any Defendant that allegedly constitutes violations of these statutory provisions. Similarly, restating the duty of good faith and fair dealing without any reference to underlying facts fails to provide fair notice of Plaintiff's claim.

Therefore, Gushin specifically requests that each of Plaintiff's allegations identified in the foregoing Special Exceptions be stricken, or, alternatively, that Plaintiff be required to replead the allegations to advice Gushin of the specific factual and legal basis for the allegations made against them so as to provide Defendants fair notice of Plaintiff's claims and allow them to prepare a defense.

**EXHIBIT B**

## IV.   AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE
### Breach of the Duty of Good Faith and Fair Dealing

Gushin owed Plaintiff no independent duty of good faith and fair dealing. The duty of good faith and fair dealing only applies to insurance carriers, and does not extend to the insurance company's agents or employees. *Natividad v. Alexsis, Inc.*, 875 S.W.2d 695, 697 (Tex. 1994).

### SECOND AFFIRMATIVE DEFENSE
### Failure to State a Claim

Plaintiff's causes of action are barred, either in whole or in apart, because they fail to state a claim upon which relief can be granted.

### THIRD AFFIRMATIVE DEFENSE
### Course and Scope

At all times relevant to the claims asserted in this action, Defendant, Eugene Gil Gushin, Sr., was employed on behalf of Blackboard Specialty Insurance Company, and all of the alleged conduct on the part of Eugene Gil Gushin, Sr. was in the course and scope of his employment.

### FOURTH AFFIRMATIVE DEFENSE
### Failure to Mitigate/ Contributory Negligence

Plaintiff is barred from any recovery, in whole or in part, due to its failure to mitigate the alleged damages and its own contribution to the alleged damages.  Because of Plaintiff's failure to mitigate damages, it is precluded from recovering any damages that would have been prevented and/or mitigated.

### FIFTH AFFIRMATIVE DEFENSE
### Waiver and Estoppel

Plaintiff has waived and/or is estopped from asserting the claims against Gushin in Plaintiff's Original Petition.

**EXHIBIT B**

## SIXTH AFFIRMATIVE DEFENSE
### Limit of Liability

Plaintiff's damages, if any, are limited by the amount set forth in the policy limitations provisions of the applicable policy.

## SEVENTH AFFIRMATIVE DEFENSE
### Offset and/or Credit

Plaintiff's damages, if any, must be offset by the amount of applicable policy deductibles. Further, any award to Plaintiff must be offset by all prior payments tendered to Plaintiff for the claims forming the basis of its claims and by all payments and credits otherwise available.

## EIGHTH AFFIRMATIVE DEFENSE
### Contractual and Statutory Limitations

Any recovery by Plaintiff is subject to the contractual limitations under the policy and/or the statutory limitations on liabilities and damages contained in Chapter 41 of the Texas Civil Practice and Remedies Code, as well as all other statutory damage caps provided by law.

## NINTH AFFIRMATIVE DEFENSE
### Punitive and Exemplary Damages

Gushin invokes and asserts all applicable limitations upon punitive damages, exemplary damages, and additional damages, including, but not limited to, those contained in the applicable statues under which it is being sued, Texas Civil Practice and Remedies Code Chapter 41, and the United States and Texas Constitutions.  Also, to the extent that additional damages or punitive damages or penalty interest are awarded, more than one of them cannot be awarded for the same conduct and/or based on the same damages as such multiple awards would be multiple punishments for the same actions.

## V.    PRAYER

Gushin requests that Plaintiff takes nothing by its claims and that it be granted any and all other relief to which he may show it is justly entitled.

**EXHIBIT B**

Respectfully submitted,

**THOMPSON, COE, COUSINS & IRONS, L.L.P.**

By: _/s/ Christopher H. Avery_

      RICHARD HARMON
      Texas State Bar No.  09020700
      rharmon@thompsoncoe.com
      CHRISTOPHER H. AVERY
      Texas State Bar No. 24069321
      cavery@thompsoncoe.com
      ALEXA GOULD
      Texas State Bar No. 24109940
      agould@thompsoncoe.com
      One Riverway, Suite 1400
      Houston, Texas 77056
      Telephone:  (713) 403-8210
      Facsimile:  (713) 403-8299
      ***Counsel for Defendant***

## CERTIFICATE OF SERVICE

I hereby certify that on the 9th day of July, 2019, a true and correct copy of the foregoing was served via e-service, to the following:

Chad T. Wilson
Chad Wilson Law Firm, PLLC
455 East Medical Center Blvd., Suite 555
Webster, Texas 77598
Telephone: (832) 415-1432
Facsimile: (281) 940-2137
cwilson@cwilsonlaw.com
***Counsel for Plaintiff***

_/s/ Christopher H. Avery_
CHRISTOPHER H. AVERY

**EXHIBIT B**